IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EFREN RESENDEZ, | ) |
| Plaintiff, | ) Case No: 12 C 5697 |
| v. | ) |
| | ) Judge Joan B. Gottschall |
| KLEIN TOOLS, INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION & ORDER

Defendant Klein Tools, Inc. ("Klein") moves to dismiss Plaintiff Efren Resendez's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Resendez alleges claims pursuant to Title VII, 42 U.S.C. § 2000e *et seq.*, and supplemental state-law claims of breach of contract and fraudulent misrepresentation. As explained below, because collateral estoppel based on Resendez's state-court criminal conviction prevents him from establishing facts essential to his state-law breach of contract claim (Count I), the court grants Klein's motion to dismiss that claim. The motion also granted as to the fraudulent misrepresentation claim (Count II). The motion is granted in part as to the Title VII claims (Counts III and IV): Resendez's disparate punishment claims may proceed, but his failure-to-promote claims are dismissed without prejudice.

### I. FACTS

The Amended Complaint, filed on October 24, 2012, alleges that Klein employed Resendez beginning on January 18, 1988. On August 10, 2011, Resendez, a Mexican who speaks limited English, held the position of utility helper and was responsible for general

janitorial duties. According to the complaint, those duties included assisting other Klein employees as requested. On several occasions, Resendez was asked by a shipping clerk to use a forklift to load scrap metal into a truck driven by a Klein truck driver. Although the scrap metal was being stolen from Klein, Resendez alleges that he did not steal the scrap metal or know it was being stolen, but merely followed the instructions of the shipping clerk.

Resendez was called into a meeting with various supervisors and his union president on August 10, 2011. He was questioned in English for a portion of the meeting and was provided with a confession written in English. Resendez alleges that he tried to explain that he did not commit theft. Another employee, Oscar Orellana, was called into the room to translate for him. According to Resendez, rather than translating the confession, Orellana told Resendez in Spanish, "You are stealing. It is better for you to sign this form or the police will be called and you will go to jail." He was told the same thing by the union president. Orellana told Resendez that his supervisor and the human resources representative said that if he did not sign the confession, he would be fired, arrested, and/or deported, and that he had one minute to sign the confession or the police would be called. The human resources manager also yelled at him.

Resendez alleges that he signed the paper without understanding it. He was immediately terminated. Two other employees accused of theft—the shipping clerk and the truck driver—were also fired the same day. Resendez contends that he would not have signed the confession but for Klein's promises not to fire him or call the police if he did so.

On May 9, 2012, after a bench trial, the Circuit Court of Cook County convicted Resendez of misdemeanor theft. He was sentenced to one year of supervision. *See People v. Resendez*, 2013 Ill. App. (1st) 121656-U (Ill. App. Ct. Aug. 9, 2013). Resendez filed suit against

Klein in this court on July 19, 2012. At Klein's request, this court stayed the case until the Illinois Appellate court ruled on Resendez's appeal in the criminal case. (Order Feb. 2, 2013, ECF No. 34.) His conviction was affirmed by the Illinois Appellate Court. *People v. Resendez*, 2013 Ill. App. (1st) 121656-U. The stay on this litigation was lifted on August 13, 2013. (Order Aug. 13, 2013, ECF No. 35.)

According to the transcript of the state-court bench trial, after the evidence was presented, the court announced the following factual findings before finding Resendez guilty: 1) Resendez spoke with an interpreter in private before signing the confession; 2) Resendez had "previously been told that his job was over;" 3) Resendez was paid $30 for his participation in the theft; and 4) Resendez "acknowledged he was wrong." (Mot. to Dismiss Ex. A (Trial Tr. May 9, 2012, *People v. Resendez*, 11 MC2 3396 (Cir. Ct. of Cook Cnty.—Crim. Div.)), ECF No. 21-1.) The opinion of the Illinois Appellate Court affirming the conviction similarly states that the Cook County court made the following factual findings related to the conviction: 1) Resendez did something he wasn't supposed to do, was paid $30 for his cooperation, and acknowledged that his actions were wrong; and 2) prior to the August 10, 2011, meeting, Resendez was told that his employment had been terminated. *People v. Resendez*, 2013 Ill. App. (1st) 121656-U. The appellate court concluded that these findings were not contrary to the evidence submitted at trial, which included the testimony of Resendez and several Klein officials who participated in the August 10, 2011, meeting. *Id.*

In the Amended Complaint, Resendez claims breach of contract (Count I), based on the fact that Klein promised not to terminate him if he signed the confession. In the alternative, he claims fraudulent misrepresentation (Count II), based on Klein's promises not to terminate him

3

or call the police if he signed the confession.  He also alleges that he was discriminated against based on his national origin and ancestry, in violation of Title VII and the Civil Rights Act of 1991 (Counts III and IV).  In support of his Title VII claim, he alleges that Klein's investigation of his role in the theft was discriminatory, because Klein refused to listen to his explanation because of his national origin, ancestry, and poor English skills.  He also alleges that Mexican workers at Klein are treated with less respect than non-Mexican workers, given tasks that do not allow them the same opportunities for promotion, and are not promoted as quickly as non-Mexican workers with similar skills.  (Am. Compl. ¶¶ 48, 54, 55, 64, 70, 71.)  For his alleged injuries, Resendez seeks back pay from August 10, 2010, along with compensatory and punitive damages.

## II. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a complaint must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A motion to dismiss should be granted if the plaintiff fails to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual allegations in a complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together.").  For purposes of a motion to dismiss, the court takes all facts alleged in the complaint as true and draws all reasonable inferences from those facts in the plaintiff's favor, although conclusory allegations that merely recite the elements of a claim are not entitled to this presumption of truth. *Virnich v.*

*Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). The court may also take judicial notice of matters of public record, such as court records, when ruling on a motion to dismiss. *Gen. Elec. Capital v. Lease Resolution*, 128 F.3d 1074, 1080-81 (7th Cir. 1997).

### III. ANALYSIS

**A. Breach of Contract and Fraudulent Misrepresentation (Counts I and II)**

    1. <u>Collateral Estoppel</u>

Resendez asserts a breach of contract claim (Count I), based on the fact that Klein promised not to terminate him if he signed the confession. In the alternative, he claims fraudulent misrepresentation (Count II), based on Klein's promises not to terminate him or to call the police if he signed the confession. In its motion to dismiss, Klein argues that under the doctrine of collateral estoppel, Resendez is precluded from re-litigating the factual findings made by the state court in his criminal case. According to Klein, he is therefore precluded from alleging facts in support of his state-law claims that are contrary to those factual findings, and the claims must fail. Specifically, in the criminal case, the judge made an express finding that Resendez was told his "job was over" *before* he signed the confession. Klein argues that, given that finding, Resendez cannot argue to this court that he signed the confession because he was promised that he could keep his job.

As an initial matter, the court notes that collateral estoppel is an affirmative defense. It is generally "incorrect to grant a motion to dismiss under Rule 12(b)(6) on the basis of an affirmative defense," as the court must take the allegations in the complaint as true. *McCready v. eBay, Inc.*, 453 F.3d 882, 892 n. 2 (7th Cir. 2006). Despite that general rule, if a plaintiff's complaint alleges facts sufficient to establish that an affirmative defense applies to the claim, the

court may consider a motion to dismiss based on the defense. *See Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008) (allowing the defense of res judicata to be raised on a Rule 12(b)(6) motion based on "the principle that a plaintiff can plead himself out of court"). In this case, the affirmative defense is based on facts alleged in the complaint itself, and the court will therefore consider whether collateral estoppel applies to bar any of Resendez's claims.

Federal courts must afford full faith and credit to both criminal and civil state-court decisions. 28 U.S.C. § 1738; *see Loera v. United States*, 714 F.3d 1025, 1028 (7th Cir. 2013) ("The doctrine of collateral estoppel, an offshoot of res judicata, teaches that a judge's ruling on an issue of law or fact in one proceeding binds in a subsequent proceeding the party against whom the judge had ruled."). In determining the preclusive effect of a state-court judgment, the state's rules of collateral estoppel apply—here, that is Illinois law. *See Brown v. City of Chi.*, 599 F.3d 772, 774 (7th Cir. 2010). Under Illinois' law of issue preclusion, further litigation of an issue is barred when: "(1) the court rendered a final judgment in the prior case; (2) the party against whom estoppel is asserted was a party or in privity with a party in the prior case; and (3) the issue decided in the prior case is identical with the one presented in the instant case." *People v. Tenner*, 794 N.E.2d 238, 247 (Ill. 2002). The court also considers whether the plaintiff was denied a full and fair opportunity to litigate the issue in his prior case and whether applying collateral estoppel would be unjust. *See Brown*, 599 F.3d at 775-77.

In this case, the first two elements are satisfied: the state court rendered a final judgment in Resendez's criminal case, and he was a party in that case. As to the third element, there are issues presented in this case that were decided in the prior case. First, the state court found that Resendez acknowledged that he knew what he had done was wrong, and that he had been paid—

albeit a modest sum—for his cooperation in the theft. Second, prior to (or at the beginning of) the August 10, 2011, meeting, Resendez was told that his employment had been terminated.

Resendez had a full and fair opportunity to litigate these issues in the prior case. It is clear from both the trial transcript and the opinion of the Illinois Appellate Court, which summarizes the evidence presented during the bench trial, that these issues were central to the criminal case. *See People v. Resendez*, 2013 Ill. App. (1st) 121656-U; (Trial Tr. May 9, 2012, *People v. Resendez*). The state's witnesses testified that at the beginning of the August 10, 2011, meeting, Resendez was informed that his employment had been terminated. They testified that during the meeting, Resendez admitted that he knew what he had done was wrong and that he had received $30 one time from the theft. They further testified that Resendez was not told that he must sign the document or he was going to jail, nor was he told that if he did sign it, he could go back to work. Resendez's supervisor testified that Resendez was not authorized to load scrap metal onto the truck and that it was not part of his job to help people who asked him to do things on the premises. Orellana testified that he translated the confession (which said "Alex, Victor and I have been stealing scrap steel and pallets from Klein Tools.") word for word into Spanish and that no one threatened Resendez, although he was told that if he did not sign the statement, Klein would call the police.

Resendez testified on his own behalf at trial. He stated that he loaded and unloaded items when asked to do so, that he did not know where the scrap metal was taken, and that he did not know that it was being stolen. He denied that the paper he signed during the August 10, 2011, meeting was translated to him, and he testified that he was told he would not lose his job if he signed the paper. He explained that the $30 he received was a loan repayment, not payment for

7

assisting with the theft. In closing argument, defense counsel argued that Resendez did not know that he was doing something wrong when he loaded the scrap metal onto the truck and that he was "badgered" and "bullied" into signing a confession. (Trial Tr. May 9, 2012, *People v. Resendez*, at 120.)

The trial court accepted the prosecution's version of events. The court found that before the August 10, 2011, meeting, Resendez was told that his employment had been terminated. The court thus rejected Resendez's argument that he signed the confession because he was promised that he could keep his job.

2. Breach of Contract (Count I)

With the state court's factual findings in mind, the court turns to the breach of contract claim. To state a claim for breach of contract under Illinois law, Resendez must allege: "(1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff." *Lake Cnty. Grading Co., LLC v. Antioch*, 985 N.E.2d 638, 644 (Ill. App. Ct. 2013). Resendez's breach of contract claim rests on his allegations that Klein offered not to fire him if he signed the confession, that he accepted that offer and signed the confession, and that Klein then breached the resulting contract when it terminated him. (Am. Compl. ¶¶ 29-32, ECF No. 16-1.)

The factual findings in Resendez's criminal case preclude him from alleging in this case that he signed the confession based on a promise by Klein that he could keep his job. The state court found that he was told that he had been terminated before he signed the confession, and he may not re-litigate an issue that was decided by the state court. He is therefore collaterally

8

estopped from asserting a breach of contract claim based on Klein's alleged promise not to terminate him. Klein's motion to dismiss Count I is granted.

### 3. Fraudulent Misrepresentation (Count II)

Resendez's fraudulent misrepresentation claim rests on his allegations that he was told by two Klein representatives that Klein would not terminate him or call the police if he signed the confession, that Klein knew the statements were false when they were made, and that he signed the statement in reliance on the statements. (*Id.* at ¶¶ 35-41.) To allege a claim of fraudulent misrepresentation, Resendez must allege: "(1) a false statement of material fact; (2) known or believed to be false by the person making it; (3) an intent to induce the plaintiff to act; (4) action by the plaintiff in justifiable reliance on the truth of the statement; and (5) damage to the plaintiff resulting from such reliance." *Doe v. Dilling*, 888 N.E.2d 24, 35-36 (Ill. 2008).

Insofar as the fraudulent representation claim relies on the allegation that Klein promised not to terminate Resendez, it fails for the same reason as the breach of contract claim: the state court found that Resendez was told before he signed the confession that he had lost his job, and he is precluded from asserting facts in this case that are contradictory to that finding. The fraudulent misrepresentation claim also asserts, however, that Klein promised not to call the police if Resendez signed the confession, and that Klein did so despite that promise. The state court made no explicit finding as to whether Klein promised not to call the police. Thus, Resendez is not precluded from alleging that such a promise was made.

Klein argues that the claim nevertheless fails, because the statement about not calling the police is a promise regarding future conduct, not a misrepresentation of present fact, and is therefore not actionable as fraudulent misrepresentation in Illinois. Generally, a false promise

9

about a future act cannot form the basis of a fraudulent misrepresentation claim. Resendez alleges that Klein's statements were made with the knowledge that they were false, because Klein *knew* it would call the police at the time the statements were made. These allegations, construed in his favor, support an inference that Klein intended to defraud him. But even when "made without a present intention to perform, misrepresentations as to future conduct 'do not generally constitute fraud'" under Illinois law. *HPI Health Care Servs., Inc. v. Mt. Verson Hosp., Inc.*, 545 N.E.2d 672, 682 (Ill. 1989). Representations based on the future conduct of the defendant have been found to be promises of future performance that are not actionable in fraud. *See Ault v. C.C. Servs., Inc.*, 597 N.E.2d 720, 722 (Ill. App. Ct. 1992); *Wilde v. First Fed. Sav. and Loan Ass'n of Wilmette*, 480 N.E.2d 1236, 1243 (Ill. App. Ct. 1985).

There is an exception to this general rule for false promises that form part of a fraudulent scheme; this is sometimes labeled "promissory fraud." *Ault*, 597 N.E.2d at 722; *Desnick v. Am. Broadcasting Cos., Inc.*, 44 F.3d 1345, 1354-55 (7th Cir. 1995). The Seventh Circuit has stated that a fraudulent scheme may exist when multiple false promises were made by the defendant, or when a false promise made to one person was "particularly egregious." *Desnick*, 44 F.3d at 1354. As he does not allege that multiple false promises were made, to establish that the exception applies, Resendez must allege facts sufficient to support an inference that the false promise was so "egregious" that it amounts to a fraudulent scheme. *Id.* The facts alleged in the complaint do not support such an inference. As the state court found, before Klein notified the police, Resendez acknowledged that he had done something wrong and had been paid for his participation in the theft, and he signed a confession admitting to stealing. Klein thus called the police based on facts indicating that Resendez had committed a crime, and Resendez is precluded

by the findings of the state court from challenging those facts. Moreover, Resendez was convicted of theft, and the conviction was affirmed. The allegations in the complaint do not support a promissory fraud claim. The court therefore grants the motion to dismiss Count II.

**B. Title VII Claims (Counts III and IV)**

In support of his discrimination claims in Counts III (national origin) and IV (ancestry), Resendez alleges that Klein's investigation of his role in the theft was discriminatory, because Klein refused to listen to his explanation of his innocence because of his national origin, ancestry, and poor English skills. He also alleges that Mexican workers at Klein are treated with less respect than non-Mexican workers, given tasks that do not allow them the same opportunities for promotion, and are not promoted as quickly as non-Mexican workers with similar skills.

To prove a violation of Title VII, a plaintiff may either present direct evidence that an adverse employment action was motivated by discriminatory animus, or proceed indirectly through a burden-shifting approach. The latter method requires him to establish a prima facie case of discrimination by showing that (1) he belongs to a protected class, (2) his job performance met legitimate expectations, (3) he suffered an adverse employment action, and (4) another similarly situated individual not in the class was treated more favorably. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Burks v. Wis. Dep't of Transp.*, 464 F.3d 744, 750-51 (7th Cir. 2006). When a claim is based on disparate punishment, "the second and fourth prongs . . . merge." *Lucas v. Chi. Transit Auth.*, 367 F.3d 714, 728 (7th Cir. 2004). If a plaintiff establishes a prima facie case, the burden then shifts to the employer to identify a legitimate, non-discriminatory reason for the adverse employment action. Once the employer has produced such

a reason, the employee must rebut the proffered reason by demonstrating that it is a mere pretext for discrimination. *Naficy v. Ill. Dep't of Human Servs.*, 697 F.3d 504, 511-12 (7th Cir. 2012).

Klein argues that Resendez cannot prevail on his Title VII claims because he has alleged no direct evidence of discriminatory intent, nor can he succeed under the *McDonnell Douglas* approach because—given his theft conviction—he cannot demonstrate that he was meeting Klein's legitimate expectations, and he has not identified a similarly situated fellow employee who received more favorable treatment. Moreover, even if he could establish a prima facie case, his theft conviction provides a legitimate nondiscriminatory reason for his termination. Klein further argues that Resendez's claims regarding his working conditions and Klein's failure to promote him should be dismissed because he has not sufficiently alleged an adverse employment action with respect to those claims.

1. Disparate Punishment

The court acknowledges that Resendez's claim that his termination was discriminatory will be difficult to prove, given the findings of the state court in his criminal case. Even so, Klein's argument for dismissal confuses the burden of producing evidence when faced with a motion for summary judgment with the burden of stating a claim sufficient to defeat a motion to dismiss. Klein argues that Resendez failed to meet Klein's legitimate expectations, that his theft conviction constitutes a legitimate nondiscriminatory reason for his termination, and that he has failed to identify a similarly situated fellow employee who was not comparably disciplined. In support of these arguments, Klein cites two cases that were resolved on summary judgment. *See Villa v. City of Chi.*, 924 F.2d 629 (7th Cir. 1991); *Paluck v. Gooding Rubber Co.*, 221 F.3d 1003 (7th Cir. 2000).

The sufficiency of a complaint, however, is not subject to review based on the more demanding summary judgment standards. For a Title VII claim to survive a Rule 12(b)(6) motion, a plaintiff need not allege all of the elements of a prima facie case of discrimination. Rather, the plaintiff must meet two requirements:

> First, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests. Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court.

*Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting *Equal Emp't Opportunity Comm'n v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007) (internal citations and quotations omitted)).

Here, the complaint gives Klein fair notice of what Resendez's claim is, and the question before the court is simply whether the complaint plausibly suggests that Resendez has a right to relief. Resendez alleges that Klein's investigation of his role in the theft was discriminatory, because Klein refused to listen to him because of his national origin, ancestry, and poor English skills. This is a sufficiently detailed explanation of the grounds on which the claim rests. If a claim correctly invokes a legal theory and contains plausible allegations, it cannot be dismissed pursuant to Rule 12(b)(6). *Richards v. Mitcheff*, 696 F.3d 635, 638 (7th Cir. 2012). "Plausibility" does not mean that the plaintiff is "likely" to prevail. *Swanson*, 614 F.3d at 404.

Moreover, despite his conviction for misdemeanor theft, it is not so clear that Resendez cannot establish facts to support his claim to justify dismissing the complaint. Even at the summary judgment stage, an employer must do more than show that a plaintiff committed misconduct to defeat a discrimination claim. The plaintiff may be able to show that other

13

workers who committed similar misconduct were treated more favorably, or that the misconduct was a pretext for the adverse action. *See, e.g.*, *Perez v. Thorntons, Inc.*, No. 12-3669, 2013 WL 5420979, at *9-11 (7th Cir. Sept. 30, 2013); *Rabe v. United Air Lines*, No. 08 C 6012, 2013 WL 5433251, at *9 (N.D. Ill. Sept. 30, 2013). The Seventh Circuit recently held in *Perez* that a plaintiff's claim survived summary judgment, even when she violated a company policy, because potentially comparable wrongdoing by someone outside of the protected class was treated less harshly. *Perez*, 2013 WL 5420979, at *5-9 (explaining that the district court should have allowed a jury to decide whether the plaintiff and a fellow employee were sufficiently similar to support a prima facie case). The motion to dismiss is therefore denied as to Resendez's claims that he received disparate punishment on the basis of his national origin and ancestry.

2. Failure-to-Promote

Resendez also alleges that Mexican workers at Klein are treated with less respect, given tasks that do not allow them the same opportunities for promotion, and are not promoted as quickly as non-Mexican workers with similar skills. Klein argues that these allegations do not constitute an adverse employment action, which a plaintiff must allege in order to state a Title VII claim. The court agrees. An allegation that Resendez was treated with less respect than other workers would not in itself constitute an adverse employment action, although it might support an inference of discrimination. *See Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003) (being "singled out for unfavorable treatment" does not "amount[] to an adverse employment action"). Being denied a promotion, however, would constitute an adverse employment action. *See id.* at 899 (denial of a promotion to a "team leader position" with "slightly higher pay" constituted an adverse employment action). But Resendez has not

14

specifically alleged that he was denied a particular promotion or promotions.  The complaint is too conclusory as to these claims to put Klein on notice as to what the alleged adverse action entailed, who was responsible, or at what point during Resendez's eighteen years of employment it took place.  *See Tamayo*, 526 F.3d at 1085 (complaint survived a motion to dismiss where the plaintiff alleged "specific" adverse employment actions).  The motion to dismiss is therefore denied without prejudice as to the failure-to-promote claims.

### IV. CONCLUSION

Klein's motion to dismiss the Amended Complaint is granted in part and denied in part.  Collateral estoppel prevents Resendez from establishing facts essential to his state-law breach of contract claim, and the court grants Klein's motion to dismiss that claim, Count I.  The motion is also granted as to the fraudulent misrepresentation claim in Count II.  As to the Title VII claims in Counts III and IV, Resendez's disparate punishment claims may proceed, but his failure-to-promote claims are dismissed without prejudice.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED:   October 10, 2013